UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In re:

| | | |
|---|---|---|
| ALAN ALBERT LOURENCO | : | CHAPTER 7 |
| | : | |
| Debtor | : | CASE NO. 18-51399 |
| ---------------------------------------------------------------x | | |
| DANIEL LOURENCO | : | ADV. PROC. NO. 19-05017 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| ALAN ALBERT LOURENCO, ALBERT | : | |
| LOURENCO, A L REAL ESTATE HOLDINGS | : | |
| LLC, L&L PARTNERS, LLC, DANBURY | : | |
| RENT-A TRUCK, INC. | : | |
| | : | |
| Defendants | : | |
| ---------------------------------------------------------------x | | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO DISMISS PARTIES FOR MISJOINDER

Pursuant to D. Conn. L. Civ. R. 7(a), Fed. R. Civ. P. 12(b)(1) and (6), and Fed. R. Civ. P. 20 and 21, incorporated herein by Fed. R. Bankr. P. 7012, 7020, and 7021, the defendants, the debtor, Alan Albert Lourenco (the "Debtor"), Albert Lourenco ("Albert"), A L Real Estate Holdings, Inc. ("AL Holdings"), L&L Partners, LLC ("L&L"), and Danbury Rent-A Truck, Inc. ("DRT" and collectively with the Debtor, Albert, AL Holdings, and L&L, "Defendants") hereby submit the following memorandum of law in support of their motion to dismiss all counts of the Complaint (the "Complaint") filed by the plaintiff, Daniel Lourenco ("Plaintiff") and to dismiss AL Holdings, L&L, and DRT as parties for misjoinder. In support hereof, Defendants state upon information and belief as follows:

# I.    STATEMENT OF RELEVANT FACTS AND ALLEGED FACTS

Plaintiff alleges twelve counts against Defendants in the Complaint. In Count One, Plaintiff alleges conversion against the Debtor based upon a sale of DRT's assets, which included certain assets that Plaintiff claims he owned to VZ. (Complaint, Count One, ¶¶ 14-15.) Plaintiff further alleges that he received no proceeds from that sale. (Id., ¶ 19.) In Count Two, Plaintiff alleges that the facts set forth in Count One amount to statutory theft by simply adding the allegation that the conversion was "knowing and intentional." (Complaint, Count Two, ¶ 21.) In Count Three, Plaintiff incorporates the allegations from the first two counts and alleges nondischargeability pursuant to Section 523(a)(4)[1] because the Debtor's conduct "constitutes fraud or larceny." (Complaint, Count Three, ¶ 22.)

Plaintiff alleges fraudulent transfers in Counts Four, Five, and Six against non-debtor entities pursuant to Conn. Gen. Stat. §§ 52-552e and 52-552f and Section 548(a), respectively. In Count Four, Plaintiff alleges that Albert released a mortgage encumbering a property owned by L&L upon the Debtor's request so that the property could be sold to VZ. (Complaint, Count Four, ¶¶ 14-16.) Then, Plaintiff alleges that the Debtor caused a mortgage in favor of Albert to encumber a property owned by AL Holdings, and that transfer to Albert was made with the intent to hinder, delay, or defraud Plaintiff or was not for reasonably equivalent value. (Id., ¶¶ 17-19.) Plaintiff, then, simply incorporates the factual allegations in Count Four into Count Five and alleges a fraudulent transfer pursuant to Conn. Gen. Stat. § 52-552f. (Complaint, Count Five, ¶¶ 19-20.) In Count Six, Plaintiff again incorporates the allegations in the previous fraudulent transfer counts and alleges a fraudulent transfer pursuant to Section 548(a).

---

[1] All references to Section(s) herein refer to sections of the United States Bankruptcy Code unless otherwise indicated.

Counts Seven, Eight, and Nine allege that the Debtor's discharge should be denied pursuant to three subsections of Section 727(a). In Count Seven, Plaintiff alleges that the Debtor's discharge should be denied under Section 727(a)(3) because of the omission from his schedules of the sale of DRT's assets to VZ, an alleged transfer of a 99% transfer of the Debtor's ownership interest in DRT to Plaintiff and Albert, and an alleged debt owed by the Debtor to Plaintiff. (Complaint, Count Seven, ¶¶ 25-28.) Count Eight alleges that the Debtor's discharge should be denied under Section 727(a)(4) based on a "false oath or account" of DRT's assets and the alleged sale of DRT assets to VZ. (Complaint, Count Eight, ¶ 29.) In Count Nine, Plaintiff alleges that the Debtor's discharge should be denied based upon Section 727(a)(5) based on the allegation that DRT had nearly $6 million in gross revenues, and thereafter, had a "calamitous downturn" that is unexplained. (Complaint, Count Nine, ¶¶ 14-18.)

In Count Ten, Plaintiff alleges unjust enrichment based upon allegations that he loaned the Debtor $150,000.00 in 2008 and has not been repaid despite demand. (Complaint, Count Ten, ¶¶ 14-15.) Count Eleven incorporates paragraphs from each of the previous ten counts, and alleges that the Debtor engaged in unfair trade practices in violation of Conn. Gen. Stat. § 42-110a ("CUTPA"). (Complaint, Count Eleven, ¶¶ 1-52.) Finally, in Count Twelve Plaintiff alleges nondischargeability pursuant to Section 523(a)(6). Plaintiff simply incorporates Count Eleven and alleges that the Debtor acted "willfully and/or maliciously." (Complaint, Count Twelve, ¶ 53.)

Richard M. Coan, Chapter 7 Trustee (the "Trustee") certified that the Debtor's bankruptcy case has been fully administered. (Final Chapter 7 Trustee's Report of No Distribution, Case No. 18-51339, Doc. No. 95.) Richard M. Coan, Chapter 7 Trustee (the "Trustee") has abandoned the Debtor's interests in AL Holdings, L&L, and DRT based upon the inconsequential value to the estate. (Trustee's Report of Abandonment, Case No. 18-51339, Doc. No. 94.) In addition, the

3

Trustee filed a Final Chapter 7 Trustee's Report of No Distribution, stating, *inter alia*, that no property had been received or paid by the Trustee and that there was no property available for distribution. (Case No. 18-51339, Doc. No. 95.)

## II.    THE COURT SHOULD DISMISS NONDEBTOR DEFENDANTS AL HOLDINGS, L&L, AND DRT FOR MISJOINDER BECAUSE THERE ARE NO CLAIMS FOR RELIEF AGAINST THEM

While the Plaintiff has named non-debtor entities AL Holdings, L&L, and DRT as defendants in this action, Plaintiff has not brought any claims against them in the underlying complaint. Plaintiff only brings claims against (i) the Debtor, for damages, nondischargeability, and objecting to his discharge; and (ii) Albert as the alleged recipient of an alleged fraudulent transfer in the form of a mortgage from AL Holdings. Therefore, AL Holdings, L&L, and DRT are not proper parties to this adversary proceeding.

Fed. R. Civ. P. 21 as made applicable by Fed. R. Bankr. P. 7021 provides, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." This rule "cannot be read alone but must be read in the light of Rules 18, 19 and 20 because, as Professor Moore states, Rule 21 governs the situation when one or more of the above rules [referring to Rules 18, 19 and 20] has been violated." <u>United States v. Commercial Bank of N. Am.</u>, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (citation and quotation marks omitted). "The rule is silent with regard to the grounds for misjoinder, but it is well-settled that parties are misjoined when the preconditions of permissive joinder, set forth in Rule 20(a), have not been satisfied." <u>Puricelli v. CNA Ins. Co.</u>, 185 F.R.D. 139, 141-42 (N.D.N.Y. 1999) (citing cases). Fed. R. Civ. P. 20(a)(2) provides

> Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) as made applicable by Fed. R. Bankr. P. 7020 only permits a plaintiff to join defendants if such plaintiff has a legitimate claim for relief against them. Intercon Research Assocs., Ltd. v. Dresser Indus., Inc., 696 F.2d 53, 58 (7th Cir. 1982); Gallagher v. Merritt-Chapman & Scott Corp., 86 F. Supp. 10, 12-13 (N.D.N.Y. 1949); Common Cause v. Federal Election Com., 82 F.R.D. 59, 61 (D.D.C. 1979). Here, Plaintiff has not alleged claims or sought any relief against AL Holdings, L&L, and DRT. Therefore, the Court should drop AL Holdings, L&L, and DRT as parties to this action as they have been misjoined by Plaintiff.

## III.    LEGAL STANDARD FOR MOTION TO DISMISS

### A.    Lack of Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) provides that a party may assert a defense of lack of subject matter jurisdiction upon a motion filed before a responsive pleading is filed. "On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may resolve factual issues by reference to evidence outside the pleadings without conversion to a Rule 56 motion for summary judgment. Glinka v. Abraham & Rose Co., 199 B.R. 484, 491 (D. Vt. 1996)."

### B.    Failure to State a Claim upon Which Relief Can Be Granted

Fed. R. Civ. P. 12(b)(6) provides that a party may assert a defense of "failure to state a claim upon which relief can be granted" by motion before pleading. In deciding a motion to dismiss the Court must take the allegations in the complaint as true and construe them in a manner favorable to the nonmoving party. Tatum v. Oberg, 650 F. Supp. 2d 185, 189 (D. Conn. 2009). A motion to dismiss should be granted if the Complaint fails to "state a claim to relief that is plausible

on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" . . . . [The] tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.

Id., 678-679 (citations omitted).  When considering a motion to dismiss, "the facts are taken from the well-pleaded factual allegations of the complaint."  Bryant v. New York State Educ. Dep't, 692 F.3d 202, 208 (2d Cir. 2012). This includes "documents attached to the complaint, documents incorporated by reference in the complaint, and public records."  Id.

In addition, Fed. R. Civ. P. 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. [However] [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) must be satisfied with respect to a particular count whenever fraud is a necessary element of that count[.]" Milo v. Galante, 2011 U.S. Dist. LEXIS 32092, at *25 (D. Conn. Mar. 28, 2011) (quotation marks omitted).

> Lack of standing also implicates Fed. R. Civ. P. 12(b)(6).

> Although we realize that dismissals for lack of standing may be made pursuant to Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1), like many cases under 12(b)(1) (but not under 12(b)(6)), it may become necessary for the district court to make findings of fact to determine whether a party has standing to sue.

Rent Stabilization Ass'n v. Dinkins, 5 F.3d 591, 594 (2d Cir. 1993).

## IV.   THE COURT SHOULD DISMISS EACH AND EVERY COUNT OF THE COMPLAINT BECAUSE PLAINTIFF FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED

### A.   The Court Should Dismiss Counts One, Two, Four, Five, Ten, and Eleven Because Adversary Proceedings Seeking Damages Brought by Creditors Are Not Authorized by Bankruptcy Law

In Counts One (conversion), Two (statutory theft), Four (fraudulent transfer), Five (fraudulent transfer), and Ten (unjust enrichment), and Eleven (CUTPA), Plaintiff alleges certain state law causes of action and seeks recovery from the Debtor. However, Plaintiff, a creditor, is not authorized to bring such claims against the Debtor in an adversary proceeding.

Fed. R. Bankr. P. 7001 lists ten proceedings that are adversary proceedings. "'The list [of categories set forth in Rule 7001] does not include a category for the recovery of claims against [a] debtor.'" Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Bros. Holdings, Inc.), 2011 Bankr. LEXIS 629, at *24 (Bankr. S.D.N.Y. Feb. 22, 2011) (quoting Dade County Sch. Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 53 B.R. 346, 352-55 (Bankr. S.D.N.Y. 1985)). "'In bankruptcy, 'the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim' and not through an adversary proceeding.'" In re Ephedra Products Liability Litig., 329 B.R. 1, 7 (S.D.N.Y. 2005) (quoting De La Rochelle v. In re Woodbridge Grp. of Cos., LLC (In re Woodbridge Grp. of Cos., LLC), 593 B.R. 200, 216 (Bankr. D. Del. 2018)); see also Dade County Sch. Dist., 53 B.R. at 354; DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Grp., Inc.), 148 B.R. 993, 998 (S.D.N.Y. 1992). Thus, prepetition damage claims against a debtor are not proper subjects for an adversary proceeding, and such claims must be dismissed for failure to state a claim upon which relief may be granted. See Evergreen Solar, Inc., 2011 Bankr. LEXIS 629, at *25 (dismissing breach of contract claim brought by creditor against debtor for failure to state a claim).

Here, Plaintiff seeks to recover damages on account of the alleged prepetition conduct of the Debtor. As to Counts One, Two, Ten, and Eleven, Plaintiff seeks, *inter alia*, compensatory damages, treble damages, and punitive damages against the Debtor. (Complaint, Ad Damnum, ¶¶ 2, 3, 4, 5, 6.) Moreover, in Counts Four and Five which allege causes of action for fraudulent transfers pursuant to Conn. Gen. Stat. §§ 52-552e and 52-552f respectively, Plaintiff appears to be seeking relief against the Debtor "for [the Debtor's] fraudulent conduct. (Complaint, Counts Four and Five; Complaint, Ad Damnum, ¶¶ 4, 5.)[2] This is clearly inappropriate in an adversary proceeding involving the Debtor. Plaintiff is not making a claim against the Debtor's estate and the Trustee is not a party. Plaintiff seeks to have the Court adjudicate claims that are dischargeable, which apart from being a pointless waste of resources, circumvents the procedure for liquidating dischargeable claims--i.e., by litigating objections to claims in cases where there is a claims bar date and a creditor files a claim. Thus, Plaintiff's direct claims for damages against the Debtor should be dismissed for failure to state a claim upon which relief can be granted.

**B.** **The Court Should Dismiss Counts Four, Five, and Six Because Plaintiff Lacks Standing to Bring Those Claims As He Is Has Failed to Plead Essential Elements of His Fraudulent Transfer Claims Under Applicable Law and Is Not Authorized to Assert Causes of Action on Behalf of the Estate**

The Court should dismiss Counts Four, Five, and Six, alleging fraudulent transfers under Connecticut law and bankruptcy law because Plaintiff has failed to state a claim upon which relief may be granted and lacks prudential standing to bring the actions. Plaintiff lacks prudential standing to bring (i) Counts Four and Five because  Plaintiff fails to allege any facts demonstrating that he was a creditor of the alleged transferor, AL Holdings, as required by Connecticut law, and

---

[2] Plaintiff also seeks to avoid a mortgage allegedly given by AL Holdings to Albert. However, the claim also fails for failure to state a claim to the extent that it seeks relief against AL Holdings. See the discussion in Part IV.C, *infra*.

(ii)Count Six because Plaintiff fails to allege that there was any transfer of an interest of the Debtor in property and further, is not authorized to assert a claim under § 548(a).

### 1. Counts 4 and 5

In order for a plaintiff to have standing to bring claims under Conn. Gen. Stat. §§ 52-552e and 52-552f, it is well-settled law that the plaintiff must be a creditor of the transferor prior to the date of the subject transfer. Chien v. Skystar Bio Pharm. Co., 623 F. Supp. 2d 255, 267 (D. Conn. 2009); In re Jones, 403 B.R. 228, 233 (Bankr. D. Conn. 2009). It is not sufficient to be a shareholder or partial owner of the transferor. Chien, 623 F. Supp. 2d at 267. Here, the allegation is that AL Holdings transferred property, in the form of a mortgage, to Albert. Plaintiff has not alleged facts that show that he was a creditor of AL Holdings prior to the time that the mortgage was tendered, and therefore, plaintiff has no standing to make such claims and has failed to plead essential elements which are fatal to these counts. Counts Four and Five must therefore be dismissed.

### 2. Count Six

Plaintiff lacks any standing to assert Count Six.. Only the chapter 7 trustee or one acting for the benefit of the estate can bring an action under § 548, Glinka v. Fed. Plastics Mfg. (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70 (2d Cir. 2002). Plaintiff is clearly not the Trustee, and moreover, is acting for his own personal benefit, not for the benefit of the Estate. Plaintiff's claim has nothing to do with this estate or its assets. Rather, it is a claim between two nondebtor third parties, Plaintiff and AL Holdings. It has nothing to do with a transfer of the Debtor's interest in property that is recoverable by the estate for creditors generally

Apart from this fatal flaw, in order to assert a claim for a fraudulent transfer under § 548(a), "[t]he debtor must be a party to the voidable transfer." Balcor/Morristown Ltd. Pshp. v. Vector

Whippany Assocs., 181 B.R. 781, 791 (D.N.J. 1995) (citing In re Clover Donut of White Plains Corp., 14 B.R. 205, 210 (Bankr. S.D.N.Y. 1981)). That is simply not the case here. The plaintiff's allegation is that AL Holdings, not the Debtor, transferred property to Albert. There are no facts pled supporting any allegation that there was a transfer of an interest of the *Debtor* in property to Albert. Therefore, Plaintiff has failed to state a claim upon which relief may be granted as to Count Six and Plaintiff lacks standing to bring Count Six and it should be dismissed.

### C. **The Court Should Dismiss Counts Three, Four, Five, Six, Seven, Eight, and Eleven for Failure to Plead Fraud Claims with Particularity**

The Court should dismiss Counts Three, Four, Five, Six, Seven, Eight, and Eleven because they fail to satisfy the heightened pleading requirements of Rule 9(b), which require the pleading of fraud with particularity. See Labbadia v. Martin (In re Martin), 2019 Bankr. LEXIS 2415, at *11 (Bankr. D. Conn. Aug. 2, 2019)

#### 1.   Count Three – Section 523(a)(4)

In Count Three, Plaintiff alleges that Defendant's conduct amounted to fraud and or larceny, and thus, the claims against the Debtor are nondischargeable. Under Section 523(a)(4), for a plaintiff to state a claim for nondischargeability, he must allege fraud or defalcation while acting in a fiduciary capacity.

> [A] plaintiff must adequately plead three elements: "first, that the debt was incurred in connection with an express or technical trust, second, that the debtor acted in a fiduciary capacity with respect to the trust, and third, that the debtor engaged in fraud or defalcation within the meaning of bankruptcy law."

Michaels Elec. Supply Corp. v. Castagnola (In re Castagnola), 2017 Bankr. LEXIS 1002, at *9 (Bankr. E.D.N.Y. Apr. 11, 2017) (citing cases). Plaintiff has completely failed to plead the existence of an express or technical trust or that the Debtor acted in a fiduciary capacity. Moreover,

Plaintiff only pleads conclusory allegations of fraud based upon his prior allegations of conversion and statutory theft.

> The Second Circuit has explained that under Rule 9(b) "the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."

Labbadia, 2019 Bankr. LEXIS 2415, at *11 (citations omitted). Plaintiff fails to allege such facts that would support a claim for fraud.

> Plaintiff also alleges that his claim is nondischargeable based on larceny.

> For purposes of § 523(a)(4), larceny is defined as the "fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." . . . To bring a claim for larceny, a plaintiff "must show that the debtor 'wrongfully took property from the rightful owner with fraudulent intent to convert such property to [the debtor's] own use without the owner's consent.'" . . . Larceny cannot exist "where the debtor's original possession of the [property] was lawful."

Castagnola, 2017 Bankr. LEXIS 1002, at *13-14 (citations omitted). The heightened pleading requirements of Fed. R. Civ. P. 9(b) apply to claims for larceny under 11 U.S.C. § 523(a)(4). Id. at *14 (citing cases). Plaintiff, again, completely fails to allege facts concerning the alleged larceny with any particularity. In fact, there are no facts that allege the Debtor had fraudulent intent or was in wrongful possession of the property of Plaintiff.

### 2.   Counts Four, Five, and Six – Fraudulent Transfers

Plaintiff alleges fraudulent transfers in Counts Four, Five, and Six under Connecticut Law and the Bankruptcy Code. Plaintiff does not specify whether he alleges intentional or constructive fraudulent transfers, or both. However, to the extent that Plaintiff seeks to recover on the basis of actual fraudulent transfer claims, he must plead the fraud with particularity. Boscarino v. Johnson & Wales Univ. (In re Sagarino), 2017 Bankr. LEXIS 2436, at *5 n.4 (Bankr. D. Conn. Aug. 29, 2017). Specifically, Plaintiff must "plead only the requisite mental state with particularity."

Cendant Corp. v. Shelton, 474 F. Supp. 2d 377, 380-81 (D. Conn. 2007) (quotation marks omitted). Plaintiff has failed completely, to plead the mental state of the transferor, AL Holdings, with particularity. All Plaintiff alleges is that (i) Albert had a mortgage on 89 Triangle Street, which was owned by L&L, (ii) Albert released that mortgage at the Debtor's request; (iii) 89 Triangle Street was sold be L&L; and (iv) a mortgage was recorded for no consideration against 94 Triangle Street, which was owned by AL Holdings. (Count Four, ¶¶ 14-18 (incorporated into Counts Five and Six).) Nothing about these allegations supports a strong inference of fraudulent intent. See Cendant Corp., 474 F. Supp. 2d at 381. Essentially, Plaintiff alleges the release of security from one non-debtor entity and the encumbrance of a subsequent property owned by another non-debtor entity. Plaintiff does not allege that he ever had claims against or was a creditor of either or both those entities prior to the alleged transfers, and therefore, there can be no inference that these alleged transfers were made with the intent to injure Plaintiff's rights as Plaintiff had not alleged any claim to the transferred property or against the entities involved. Plaintiff also does not even plead any facts regarding dates concerning the alleged transfer. Therefore, Counts Four, Five, and Six should be dismissed for Plaintiff's failure to plead fraud with particularity.

### 3. Count Seven – Section 727(a)(3)

Plaintiff further seeks the denial of the Debtor's discharge pursuant to Section 727(a)(3) in Count Seven.

> Pursuant to § 727(a)(3), a court shall deny a discharge when, "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

Labbadia, 2019 Bankr. LEXIS 2415, at *20 (citation omitted). The heightened pleading requirements of Fed. R. Civ. P. 9(b) apply to this claim as well. Id. at *21. Moreover, the Trustee's

filing of a report of no distribution is evidence that the Debtor provided sufficient documents to the Trustee to assess his financial condition. Id. at *21 n.16 (citing cases). Plaintiff again fails to state with particularity any facts sufficient to maintain Count Seven. Plaintiff alleges that the books of DRT were falsified, not the Debtors' books and records. Plaintiff also alleges that there was a transfer of the Debtors 99% interest in DRT to Plaintiff and Albert. These allegations, consisting of an allegation of the falsification of records of non-debtor third parties and a transfer purportedly involving Plaintiff, fail to meet the heightened pleading standard in Fed. R. Civ. P. 9(b). Thus, Count Seven should be dismissed for failure to state a claim upon which relief may be granted.

### 4.  Count Eight – Section 727(a)(4)

Plaintiff further alleges that the Debtor should be denied a discharge because he knowingly and fraudulently made a false oath with respect to the assets of DRT and the alleged sale of DRT's assets pursuant to Section 727(a)(4)(a) in Count Eight. Again, Plaintiff fails to plead this count with particularity, and it should be dismissed.

> Section 727(a)(4)(A) provides that a discharge will not be granted if, "the debtor knowingly and fraudulently, or in connection with the case ... made a false oath or account. " 11 U.S.C. § 727(a)(4)(A). To deny a debtor a discharge under § 727(a)(4)(A), the party objecting to a discharge must prove that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." In re Boyer, 328 F. App'x 711, 715 (2d Cir. 2009) (Summary Order).

Id. at *21. An objection to the Debtor's discharge under this section must be pled with particularity. Shiboleth v. Yerushalmi (In re Yerushalmi), 393 B.R. 288, 298 (Bankr. E.D.N.Y. 2008). Plaintiff has failed to plead Count Eight with any particularity. This claim is based upon the Debtor's alleged involvement with the sale of DRT's assets, which apparently included alleged property of

Plaintiff.[3] However, Plaintiff does not allege any facts demonstrating, if proven, that defendant knowingly and with fraudulent intent made a false statement under oath. He merely alleges that such asset sales occurred. This is insufficient to meet the requirement that he plead his claim with particularity, and therefore, Count Eight should be dismissed for failure to state a claim upon which relief may be granted.

### 5. Count Eleven – CUTPA

In Count Eleven, Plaintiff alleges that the Debtor violated CUTPA. "To state a claim under CUTPA, [a] plaintiff must allege that [defendant] engaged in 'unfair or deceptive acts or practices in the conduct of trade or commerce.'" Chapman v. Priceline Grp., Inc., 2017 U.S. Dist. LEXIS 162137, at *8 (D. Conn. Sept. 30, 2017) (quoting Conn. Gen. Stat. § 42-110b(a)). CUTPA claims based upon allegations of fraud must also satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b). Empower Health LLC v. Providence Health Sols. LLC, 2011 U.S. Dist. LEXIS 60142, at *15 (D. Conn. June 3, 2011). Here, Plaintiff's allegations that the Debtor violated CUTPA are based on Counts Two through Ten, several of which are based upon allegations of fraud as set forth fully above. Therefore, Plaintiff must plead CUTPA with particularity. He has failed to do so as he merely incorporates allegations from other counts, which themselves do not meet the heightened pleading standard. Count Eleven, thus, must also be dismissed for failure to state a claim upon which relief may be granted.

### D. **The Court Should Dismiss Counts One, Two, Nine, and Twelve Because They Fail to State a Claim Upon Which Relief May Be Granted**

#### 1. Count One – Conversion

---

[3] Although it is unclear if the property that was sold belonged to DRT and/or Plaintiff as Plaintiff appears to allege both.

Plaintiff lacks standing and thus fails to state a claim for relief in Count One, which alleges conversion against the Debtor because it is not clear that Plaintiff alleges an ownership interest in the transferred property.

> To establish a prima facie case of conversion, the plaintiff had to demonstrate that (1) the material at issue belonged to the plaintiff, (2) that the defendants deprived the plaintiff of that material for an indefinite period of time, (3) that the defendants' conduct was unauthorized and (4) that the defendants' conduct harmed the plaintiff.

Stewart v. King, 121 Conn. App. 64, 74 n.4, 994 A.2d 308, 316 (2010). Plaintiff has not alleged that the transferred property was an asset of Plaintiff, rather than DRT. Plaintiff alleges a transfer of DRT's assets to VZ in Count One, Paragraph 14, and then, in the next paragraph alleges that among DRT's assets sold were Plaintiff's assets. At best it is unclear whether Plaintiff, rather than DRT, had an ownership interest in the transferred assets. Thus, he has failed to allege a material element necessary to maintain a cause of action for conversion, and Count One should be dismissed.

### 2. Count Two – Statutory Theft

Count Two alleges statutory theft under Connecticut law. Conn. Gen. Stat. § 52-564 provides that, "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." "To state a claim for statutory theft, [a party] must allege facts supporting the following: (1) the property belonged to the plaintiff, (2) the defendant intentionally deprived the plaintiff of [its] property, and (3) the defendant's conduct was unauthorized." Montanez v. D&D Auto, LLC, No. 3:15-cv-397 (VAB), 2016 U.S. Dist. LEXIS 40911, at *53-54 (D. Conn. Mar. 29, 2016) (citations and quotation marks omitted). Here, Plaintiff fails to allege that the Debtor's conduct amounted to statutory theft as Plaintiff simply incorporates his allegation of conversion and baldly asserts that such conduct amounted to

statutory theft. Thus, Plaintiff's threadbare allegations do not state a plausible claim for statutory

theft, and the Second Cause of Action should be dismissed for failure to state a claim upon which

relief can be granted.

### 3.  Count Nine – Section 727(a)(5)

In Count Nine, Plaintiff alleges that the Debtor should be denied his discharge pursuant to

Section 727(a)(5) based upon an unexplained loss of assets. However, Plaintiff fails to plead

sufficient facts to allege a plausible claim against the Debtor, and thus, Count Nine should be

dismissed for failure to state a claim upon which relief may be granted.

> Section 727(a)(5) states that, a "court shall grant the debtor a discharge, unless ...
> the debtor has failed to explain satisfactorily, before determination of denial of
> discharge under this paragraph, any loss of assets or deficiency of assets to meet
> the debtor's liabilities." 11 U.S.C. § 727(a)(5). The Second Circuit explains that,
> "[i]n order to obtain a denial of discharge under § 727(a)(5), first, the creditor must
> establish a loss or deficiency of assets." *DAN. Joint Venture v. Cacioli (In re
> Cacioh)*, 463 F.3d 229, 238 (2d Cir. 2006). Additionally, "a plaintiff cannot merely
> allege a general lack of assets and must show the disappearance of specific assets
> previously in the possession of the debtor."

Labbadia, 2019 Bankr. LEXIS 2415, at *24-25. Here, Plaintiff does not allege that any specific

assets disappeared. Rather, he merely alleges that DRT, a non-debtor entity, in general, had gross

revenue of $6 million and then ceased operating. Thus, there is not even an allegation of the

disappearance of the Debtor's assets, but rather, Plaintiff merely alleges that DRT once had a

certain revenue stream, and thereafter, did not. Moreover, there is no allegation that the Debtor's

assets disappeared at all, just that a non-debtor entity's business failed. This is clearly insufficient

to support a claim for denial of the Debtor's discharge pursuant to Section 727(a)(5), and Count

Nine should be dismissed for failure to state a claim upon which relief can be granted.

### 4.  Count Twelve – Section 523(a)(6)

16

Count Twelve, which alleges nondischargeability pursuant to Section 523(a)(6), also fails to state a claim for which relief can be granted because Plaintiff fails to allege sufficient facts to support a claim for willful and malicious injury. Therefore, it should be dismissed as well. Section 523(a)(6) provides that a discharge is not available under § 727 from a debt "for willful and malicious injury by the debtor to another entity or the property of another entity." "Willful and malicious injury" includes only acts done "with the actual intent to cause injury." Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). Willful acts are those that generally are characterized as intentional torts, as opposed to conduct that is merely reckless or negligent. Id. at 62. If willful meant only that one intend his action, a "knowing breach of contract" also would be in the scope of willful conduct. Id.; see also Master-Halco, Inc. v. Picard (In re Picard), 339 B.R. 542, 555 (Bankr. D. Conn. 2006).

"Malicious" conduct is conduct that is "wrongful without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." Syncom Indus. v. Wood (In re Wood), 488 B.R. 265, 280 (Bankr. D. Conn. 2013) (citing Navistar Financial Corp. v. Stelluti (In re Stelluti), 94 F.3d 84, 88 (2d Cir. 1996)) (quotation marks omitted).

> The conduct giving rise to certain causes of action may be inherently malicious, such as malicious prosecution or assault. . . . In other cases, malice may be easily deduced where "the debtor's conduct giving rise to liability has no potential for economic gain or other benefit to the debtor, from which one could only conclude that the debtor's motivation must have been to inflict harm upon the creditor." Id. However, in cases where a debtor seeks profit or some other benefit, "the underlying conduct, however deplorable, would not give rise to liability under § 523(a)(6) in the absence of some additional, aggravating conduct on the part of the debtor of sufficient gravity to warrant an inference of actual malice under the Second Circuit decision in [Stelluti]." Id.

Wood, 488 B.R. at 280.

The Complaint fails to allege anything more than a bare recitation of the elements of 523(a)(6). See Legrande Hospitality v. Peel (In re Peel), 2010 Bankr. LEXIS 522 at *6-7 (Bankr.

E.D.N.C. Feb. 19, 2010) ("bare assertion that . . . using checks for which there are insufficient funds and/or stopping payment on checks constitutes willful and malicious injury" fails to state a claim for relief). Plaintiff does not allege any facts that would show that Debtor intended to injure Plaintiff. Thus, Plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to raise the allegations in Count III to the level of plausibility. See Iqbal, 556 U.S. at 679. Plaintiff merely alleges, without supporting factual allegations, that Debtor's actions were "willful and malicious." (Complaint, Count Twelve, ¶ 53.) In addition, Plaintiff has not alleged facts that demonstrate that Debtor harbored actual malice toward him. It is also clear from the Complaint that Plaintiff alleges that Debtor sought profit or other gain by causing DRT to sell assets allegedly belonging to Plaintiff, and not that the Debtor's sole motivation was not to inflict harm upon Plaintiff. Thus, from the allegations of the Complaint and reasonable inferences made therefrom, it is clear that Plaintiff alleges conduct whereby Debtor sought benefit for himself, or at least DRT. Therefore, Plaintiff has not alleged that Debtor acted maliciously, and Count Twelve should be dismissed. See Wood, 488 B.R. at 280.

## V.    THE COURT SHOULD DISMISS COUNTS FOUR AND FIVE BECAUSE IT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER THEM

Apart from other fatal flaws noted herein, Plaintiff's claims for fraudulent transfer in Counts Four and Five should be dismissed because the Court lacks subject matter jurisdiction to consider those claims. The claims involve non-debtor third parties, and their outcome can have no conceivable effect on the bankruptcy estate, and therefore, the Court lacks "related to" jurisdiction to consider them.

28 U.S.C. § 1334(b) provides that ". . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Likewise, the jurisdiction of the bankruptcy court "must be based on the 'arising

under,' 'arising in,' or 'related to' language of §§ 1334(b) and 157(a)." <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 307 (1995). "'Arising under' proceedings consist of any cause of action created by title 11. . . . 'Arising in' jurisdiction, on the other hand, 'encompasses causes of action that arise only in bankruptcy cases, that is, matters not based on any right expressly created by Title 11, but that would have no existence outside of the bankruptcy.'" <u>Binder & Binder, P.C. v. Finnie (In re Finnie)</u>, 2007 Bankr. LEXIS 1895, at *31 (Bankr. S.D.N.Y. May 29, 2007) (citations omitted). Conversion and unjust enrichment are state law claims, which are clearly not created by Title 11 and but for the bankruptcy they would exist (if at all) outside bankruptcy. Counts Four and Five involve fraudulent transfer claims by Plaintiff under state law against non-debtor third parties based upon alleged transfers of non-debtor property. Thus, Counts Four and Five do not implicate arising under or arising in jurisdiction.

At best, Counts Four and Five implicate this Court's related to jurisdiction. In order to determine whether related to jurisdiction exists with regard to a claim, the Court must determine "whether its outcome might have any 'conceivable effect' on the bankrupt estate." <u>In re Cuyahoga Equip. Corp.</u>, 980 F.2d 110, 118 (2d Cir. 1992); <u>Binder & Binder, P.C.</u>, 2007 Bankr. LEXIS 1895, at *34-35. "Whether a case has a 'conceivable effect' on the bankruptcy estate depends on if the outcome could 'alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" <u>Binder & Binder, P.C.</u>, 2007 Bankr. LEXIS 1895, at *35 (citations omitted). Courts have proved several examples of claims over which the bankruptcy court may have related to jurisdiction including:

> [1] where causes of action owned by the debtor become property of the estate pursuant to 11 U.S.C. § 541, [2] where suits between third parties have an effect on the bankruptcy estate. . . [, 3] a civil proceeding [to] . . . determine the secured or unsecured status of a creditor of the debtor . . . , [4] a civil proceeding between non-

> debtors that would increase or diminish a debtor's liabilities . . . , [and] [5] a civil proceeding [in which the] . . . resolution would affect the amount of property available for distribution to the estate's creditors.

Id. at *36-37 (citations and quotation marks omitted).

Counts Four and Five, alleging state law fraudulent transfer claims to non-debtor third parties by a non-debtor do not implicate this Court's subject matter jurisdiction.

> Moreover, abandonment of a property "ends the bankruptcy court's jurisdiction to determine disputes concerning that property, unless the result of the dispute could have some effect on the bankruptcy case." *In re Salander, 472 B.R. 213, 219-20 (Bankr. S.D.N.Y. 2012)*; *In re Grossinger's Assocs., 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995)* (same). In other words, there is no jurisdiction "[w]hen the disposition of the abandoned asset[] cannot possibly affect other creditors." *In re Salander, 472 B.R. at 220* (quoting *In re Xonics, Inc., 813 F.2d 127, 132 (7th Cir. 1987))*.

Scott v. Bank of N.Y. Trust Co., N.A. (In re Scott), 2015 U.S. Dist. LEXIS 187978, at *9 (S.D.N.Y. Oct. 21, 2015). Here, the fraudulent transfer claims asserted by Plaintiff concern the recording of a mortgage on a property owned by AL Holdings. The Trustee has abandoned all interest in that entity, and Plaintiff has not pled nor can it demonstrate that its fraudulent transfer actions would have any effect on the bankruptcy case.

Furthermore, "'[a]s a general rule, a bankruptcy court has no jurisdiction to decide controversies between third parties which do not involve the debtor or his property, unless the court cannot complete its administrative duties without resolving the controversy." Binder & Binder, P.C., 2007 Bankr. LEXIS 1895, at *37-38 (quoting In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979)). Here, Plaintiff has alleged that the fraudulent transfer is the encumbering of AL Holding's property with a mortgage in favor of Albert for no consideration. This transfer does not involve the Debtor. It is purely a third-party dispute regarding entities whose interest the Trustee abandoned, and thus, Counts Four and Five should be dismissed for lack of subject matter jurisdiction.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court (i) dismiss each and every count of the Complaint, (ii) dismiss AL Holdings, L&L, and DRT as parties; and (iii) grant such other and further relief as justice requires.

Dated this 25th day of February, 2020, at Bridgeport, Connecticut.

DEFENDANTS
ALAN ALBERT LORENCO,
ALBERT LOURENCO,
A L REAL ESTATE HOLDINGS LLC,
L&L PARTNERS, LLC, DANBURY
RENT-A TRUCK, INC.

By:    /s/ *Matthew K. Beatman*
Matthew K. Beatman (ct08923)
John L. Cesaroni  (ct29309)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th floor
Bridgeport, Connecticut 06604
(203) 368-4234
mbeatman@zeislaw.com
Their Attorneys

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In re:

| | | |
|---|---|---|
| ALAN ALBERT LOURENCO | : | CHAPTER 7 |
| | : | |
| Debtor | : | CASE NO. 18-51399 |
| ----------------------------------------------------------------x | | |
| DANIEL LOURENCO | : | ADV. PROC. NO. 19-05017 |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| ALAN ALBERT LOURENCO, ALBERT | : | |
| LOURENCO, A L REAL ESTATE HOLDINGS | : | |
| LLC, L&L PARTNERS, LLC, DANBURY | : | |
| RENT-A TRUCK, INC. | : | |
| | : | |
| Defendants | : | |
| ----------------------------------------------------------------x | | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint and to Dismiss Parties for Misjoinder was served via the Court's electronic CM/ECF system on February 25, 2020 on all parties and/or counsel of record.

Dated this 25th day of February, 2020, at Bridgeport, Connecticut.

By:    /s/ Matthew K. Beatman
       Matthew K. Beatman (ct08923)
       John L. Cesaroni  (ct29309)
       ZEISLER & ZEISLER, P.C.
       10 Middle Street, 15th floor
       Bridgeport, Connecticut 06604
       (203) 368-4234
       mbeatman@zeislaw.com